IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SALT LAKE CITY CORPORATION; SANDY CITY CORPORATION; and METROPOLITAN WATER DISTRICT OF SALT LAKE & SANDY,<br><br>Plaintiffs,<br><br>v.<br><br>GLORIA M. SHEPHERD; IVAN MARRERO; FEDERAL HIGHWAY ADMINISTRATION; CARLOS BRACERAS; BEN HUOT; and UTAH DEPARTMENT OF TRANSPORTATION,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION GRANTING MOTION TO DISMISS**<br><br>Case No. 2:23-cv-893-TC<br><br>Judge Tena Campbell |
| FRIENDS OF ALTA; CRAIG HEIMARK; INTERNATIONAL OUTDOOR RECREATION ASSETT ALLIANCE; DR. JEFF SCHMIDT; VICTORIA SCHMIDT; MARGARET BOURKE; KIRK NICHOLS; ALLEN SANDERSON; and FRIENDS OF LITTLE COTTONWOOD CANYON,<br><br>Plaintiffs,<br><br>v.<br><br>UTAH DEPARTMENT OF TRANSPORTATION,<br><br>Defendant. | Case No. 2:23-cv-786<br>Consolidated with Case No. 2:23-cv-893 |
| CITIZENS' COMMITTEE TO SAVE OUR CANYONS,<br><br>Plaintiff, | |

1

| | |
|---|---|
| v. | Case No. 2:23-cv-894<br>Consolidated with Case No. 2:23-cv-893 |
| CARLOS BRACERAS and UTAH DEPARTMENT OF TRANSPORTATION,<br><br>Defendants. | |

Before the court is a Motion to Dismiss (ECF No. 23) filed by Defendants Gloria M. Shepherd, in her official capacity as Executive Director of the Federal Highway Administration (FHWA); Ivan Marrero, in his official capacity as Division Administrator for the Utah Division of FHWA; and FHWA (collectively, the Federal Defendants). The Federal Defendants argue that the court lacks subject matter jurisdiction over the claims against them because FHWA has not waived its sovereign immunity.

## BACKGROUND

The court recently consolidated three cases that seek judicial review of a decision made by the Utah Department of Transportation (UDOT) (see Order of Consolidation dated Apr. 17, 2024, ECF No. 27). Briefly, the court repeats the relevant facts.

On July 14, 2023, the FHWA, acting on behalf of UDOT, issued a Notice of Availability of the Record of Decision for the Little Cottonwood Canyon Project in Utah and Final Federal Agency Action, 88 FR 45268 (July 14, 2023) (Notice). The Notice announced the availability of the Record of Decision (ROD) and the conclusion of the Environmental Impact Statement (EIS) process under the National Environmental Policy Act (NEPA) for the Little Cottonwood Canyon Project (the Project). The Project is a series of improvements UDOT has planned to address traffic problems in and near Little Cottonwood Canyon. Among others, the improvements include enhanced bus service and tolling on State Road 210 (SR 210), parking changes, and the

construction of a gondola and supporting infrastructure to provide a non-road means of accessing the Alta and Snowbird ski resorts at the upper end of Little Cottonwood Canyon.

Under 23 U.S.C. § 139(l)(1), any claims seeking judicial review of the ROD were required to be filed by December 11, 2023. Three lawsuits were filed in close proximity to this date, all objecting to various aspects of the Final EIS and ROD. The court has now consolidated those cases. (ECF No. 27.)

Of the three lawsuits, only one has been brought against the Federal Defendants, who now move to dismiss the claims against them.

## ANALYSIS

Under 23 U.S.C. § 327(a)(1), the Secretary of Transportation (Secretary) "shall carry out a surface transportation project delivery program …." Under that authority, and

> with the written agreement of the Secretary and a State, which may be in the form of a memorandum of understanding, the Secretary may assign, and the State may assume, the responsibilities of the Secretary with respect to one or more highway projects within the State under the National Environmental Policy Act ….

23 U.S.C. § 327(a)(2)(A). While "[t]he Secretary shall have the right to intervene" in any "civil action against a State for failure to carry out any responsibility of the State under this section[,]" 23 U.S.C. § 327(d), the statute clarifies that it is the State who is solely responsible and liable for its actions, including any environmental reviews:

> A State that assumes responsibility under subsection (a)(2) shall be solely responsible and solely liable for carrying out, in lieu of and without further approval of the Secretary, the responsibilities assumed under subsection (a)(2), until the program is terminated ….

23 U.S.C. § 327(e).

In 2017, the Secretary (through FHWA) and the State of Utah (through UDOT) entered into a memorandum of understanding (MOU) in which "FHWA assigns, and UDOT assumes,

3

subject to the terms of conditions set forth in 23 U.S.C. [§] 327 and this MOU, all of the USDOT Secretary's responsibilities for compliance with the National Environmental Policy Act" and other federal environmental laws, including the Transportation Act § 4(f) (see 49 U.S.C. § 303(f)), for specified projects. (MOU, Ex. A to Defs.' Mot. Dismiss, ECF No. 23-1 at ¶ 3.1.1.)[1]  In general, the MOU applies to "[h]ighway projects within the State of Utah that are proposed to be funded with Title 23 funds or otherwise require FHWA approval, and that require preparation of an EIS or [environmental assessment.]" (Id. ¶ 3.3.1(A).) Under the terms of the MOU, and echoing the language of the relevant statute, "UDOT will be solely responsible and solely liable for carrying out all of the responsibilities it has assumed under this MOU, in lieu of and without further approval of the USDOT Secretary." (Id. ¶ 3.4.1.) Likewise, UDOT "expressly consents, on behalf of the State of Utah, to accept the jurisdiction of the Federal courts for the compliance, discharge, and enforcement of any responsibility" assumed under the agreement. (Id. ¶ 4.3.1.) The initial MOU had a term of five years (id. ¶ 13.1.1.), but FHWA and UDOT later renewed the MOU for another five-year term. (Renewed MOU, Ex. B to Defs.' Mot. Dismiss, ECF No. 23-2.) The operative language in the renewed MOU is identical.

      Given the language in both the statute and the MOU assigning sole responsibility and sole liability to UDOT for its environmental review of the Project, the court agrees with the Federal Defendants that they have not waived their sovereign immunity to suit. Unless waived, "sovereign immunity shields the Federal Government and its agencies from suit." Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S. 549, 554

---

[1] The MOU is incorporated in the Complaint by reference. (Compl. ¶ 37, ECF No. 2.) The court may therefore consider the contents of the MOU without converting the motion to dismiss to a motion for summary judgment. See Berneike v. CitiMortgage, Inc., 708 F.3d 1141, 1146 (10th Cir. 2013).

(1988)).  The government's waiver of sovereign immunity "must be 'unequivocally expressed' in statutory text."  Fed. Aviation Admin. v. Cooper, 566 U.S. 284, 290 (2012) (cleaned up).  Any ambiguities are construed "in favor of immunity," id. (citing United States v. Williams, 514 U.S. 527, 531 (1995)), and a waiver of sovereign immunity "will not be implied[.]"  Lane v. Pena, 518 U.S. 187, 192 (1996) (citing Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 95 (1990)).

Other courts have found that the FHWA does not waive sovereign immunity when it assigns its responsibility for environmental reviews to a state agency under an appropriate MOU.  See, e.g., Friends of Del Norte v. Cal. Dep't of Transp., No. 3:18-cv-129-JD, 2020 WL 1812175, at *3 (N.D. Cal. Apr. 9, 2020).  The Del Norte court held as follows:

> With Section 327, Congress made an explicit choice to allow states undertaking certain transportation projects to assume responsibility for environmental assessments that would otherwise be required of the FHWA.  Congress required that when a state takes such responsibility, … it is "solely responsible and solely liable for carrying out" those reviews.  FHWA's sovereign immunity has not been waived, and the Court lacks jurisdiction over the claims asserted against it in this case.

Id., at *3.  The court agrees with this analysis, finding that FHWA has not waived its sovereign immunity due to the MOU it signed with the State of Utah.

The Plaintiffs note that the MOU reserves for FHWA "any responsibility not explicitly listed [in the MOU sections] above" (MOU ¶ 3.2.2) and the ability to litigate if it is named as a party or to intervene (MOU ¶ 6.2.1).  As stated above, the statute similarly reserves for FHWA "the right to intervene" in any action.  23 U.S.C. § 327(d)(3).  The Plaintiffs therefore felt "compelled to name the FHWA Defendants to protect against the possibility that the Court would find them to be a necessary party."  (Pls.' Resp., ECF No. 28 at 6.)  But no party in this action has contended that complete relief cannot be afforded in the absence of the Federal Defendants.  And the right to intervene is not the same as a waiver of immunity—especially

5

where, as here, FHWA does not express a desire to intervene or claim an interest that is not adequately represented in the action. Accordingly, the court finds that there is no real objection to the dismissal of the Federal Defendants.

## ORDER

For the reasons stated above, the court finds that the Federal Defendants have not waived their sovereign immunity to suit. The Federal Defendants' Motion to Dismiss (ECF No. 23) is therefore GRANTED.

SO ORDERED this 14th day of May, 2024.

BY THE COURT:

_____
Tena Campbell
United States District Judge